Requestor: John E. Glowacki, Esq., Village Attorney Village of Solvay 2010 West Genesee Street Syracuse, New York 13219-1616
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a ten percent reduction in the village chief of police's salary is in violation of section 207-m of the General Municipal Law. In a telephone conversation, you explained that due to budgetary considerations the village board of trustees instituted an across-the-board decrease in salaries of all department heads. The chief of police, as the department head, was the only official affected in the village police department. Additionally, you informed me that the salary of the highest-ranking officer of the village police department who is a member of a collective bargaining unit was increased. The chief of police was given the same increase in salary.
Section 207-m of the General Municipal Law requires that the salary of the permanent full-time head of a police department who is not a member of a collective negotiating unit be increased by at least the same total amount as an increase in the base salary of the highest ranking subordinate police officer who is a member of a negotiating unit. This provision does not apply to police departments employing 575 or more permanent, sworn police personnel.
The purpose of section 207-m was to alleviate the serious salary compressions among the top ranks of police departments across the State, especially for police chiefs not in negotiating units. Bill Jacket, L 1977, ch 827, Memorandum Supporting Assembly 7913. The apparent intent was to halt a trend in which subordinates earned as much or almost as much as the heads of local police departments. Ibid.; Informal Opinion No. 90-81.
In our view, the reduction in the salary of the chief of police violated section 207-m of the General Municipal Law. The intent of the provision is to ensure that the salary of a chief of police rises at least as much as an increase in salary of the highest ranking subordinate police officer who is a member of a negotiating unit, to reverse a trend where subordinates earn as much or almost as much as the heads of local police departments. If a municipality were permitted to decrease the salary of a chief of police in these circumstances, this would obviously have the effect of defeating the purpose of the State statute.
We conclude that an increase in the village chief of police's salary matching an increase in the salary of the highest-ranking officer of the department who is a member of a collective bargaining unit, which is accompanied by a reduction in the chief's salary violates section207-m of the General Municipal Law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.